UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte DIVISION
DOCKET NO. 3:19-cv-00584-FDW-DSC

| | |
|---|---|
| CenterState Bank N.A., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Two Dudes Foods, LLC )<br>Two Dudes Foods Ballantyne, LLC )<br>Two Dudes Foods Blakeney, LLC )<br>Two Dudes Foods Boone, LLC )<br>Two Dudes Foods Hickory, LLC )<br>John T. McGlone )<br>Two Dudes Foods Johnson City, LLC )<br>Edith E. McGlone )<br>Two Dudes Foods Kingsport, LLC )<br>Two Dudes Foods Matthews, LLC )<br>Gary L. Sachs )<br>Cathy A. Sachs, )<br>)<br>Defendants. ) | ORDER and DEFAULT JUDGMENT |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. No. 14). For the reasons set forth below, Plaintiff's Motion as to Defaulting Defendants is GRANTED.

I. **BACKGROUND**

On October 31, 2019, Plaintiff filed suit against eight limited liability companies ("LLC Defendants") and four individual guarantors ("Sachs Defendants" and "McGlone Defendants") alleging default on a $1,800,000 loan. (Doc. No. 1, p. 1). The Court first addresses the status of this matter with respect to the Sachs Defendants. The summons and complaint were initially served on the Sachs Defendants on October 31, 2019. (Doc. No. 4). Having received no response, summons was reissued electronically to the Sachs Defendants on February 10, 2020 and February 24, 2020. (Doc. Nos. 8, 13). On March 16, 2020, the Sachs Defendants entered a Suggestion of

Bankruptcy, notifying this Court of their Chapter 7 bankruptcy proceedings and the automatic stay of the instant suit against them pursuant to 11 U.S.C. §§ 362, 1201, 1301. (Doc. No. 14). Accordingly, Plaintiff's Motion for Default Judgment is analyzed with respect to defaulting defendants only—the McGlone Defendants and LLC Defendants ("Defaulting Defendants").

Turning now to the Defaulting Defendants, the Court finds that they were properly served with the summons and complaint in this action on November 8, 2019 and January 9, 2020. (Doc. Nos. 5, 7). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and personal jurisdiction over the Defaulting Defendants as the McGlone Defendants are domiciled in Mecklenburg County, North Carolina, and the LLC Defendants are organized under the laws of North Carolina. (Doc. No. 1, pp. 3-4). Defaulting Defendants are not infants nor incompetents, and they have nonetheless failed to answer or otherwise defend the action within the time permitted by the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 55(a), the Clerk entered default as to the McGlone Defendants on February 20, 2020. (Doc. No. 10). The Clerk also entered default as to the LLC Defendants on February 24, 2020. (Doc. No. 21). Plaintiff now requests default judgment on its claims, plus an award of attorney's fees.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the award of default judgment. In relevant part, it provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general mater, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when

2

the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If a court finds that liability is established, it must then determine damages. E.E.O.C. v. Carter Behav. Health Servs., Inc., 2011 WL 5325485, at *4 (E.D.N.C. Oct 7, 2015) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. N. Am. Land Corp., 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

### III. ANALYSIS

Plaintiff seeks a default judgment in the amount of $1,513,682.99 for the unpaid principal on the Note; $68,600 for interest already accrued through October 11, 2019; $8,729.54 in late fees; additional interest from October 11, 2019 to present, at a rate of $294.33 per diem; and reasonable attorney's fees of $227,052.43, plus the costs of this litigation. (Doc. No. 15-2, p. 6). To determine damages on Plaintiff's claim, the Court relies on the affidavit submitted by Plaintiff. (Doc. No. 15-1). With respect to damages, the Court finds in favor of Plaintiff and against Defaulting Defendants for Default on the Note, in the sum of $1,591,012.53, plus interest at the rate of $294.33 per day from and after October 11, 2019 until the date of entry of judgment and thereafter at the legal rate until paid in full.

Plaintiff also requests attorneys' fees pursuant to N.C. GEN. STAT. § 6-21.2. (Doc. 15-2, pp. 4-5). Under North Carolina law, a party generally cannot recover attorney's fees "unless such a recovery is expressly authorized by statute." Stillwell Enter., Inc. v. Interstate Equip. Co., 266

3

Case 3:19-cv-00584-FDW-DSC   Document 16   Filed 11/03/20   Page 3 of 5

S.E.2d 812, 814 (N.C. 1980). Section 6-21.2 of the North Carolina General Statutes allows for an award of attorneys' fees in actions to enforce obligations owed under a promissory note or other "evidence of indebtedness" that itself provides for payment of attorneys' fees. N.C. GEN. STAT. § 6-21.2 (2020). The statute further provides that when a note or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor without specifying any specific percentage, "such provision shall be construed to mean fifteen percent (15%) of the 'outstanding balance' owing on said note . . . ." § 6-21.2. Additionally, a creditor must notify all parties sought to be held on the obligation that the creditor will seek to enforce the attorney's fees provision contained in the note or other evidence of indebtedness, and that if the party pays the outstanding balance within five days from the mailing of such notice, then the attorney's fee obligation shall be void. § 6-21.2(5). Where "the provisions in the Note . . . regarding payment of attorneys' fees are valid and enforceable and where [the] Defendant has not paid the outstanding balance on the Note, the Plaintiff is entitled to recover from the Defendants its attorneys' fees in an amount of 15% of the outstanding balance of the Note at the time that suit was filed. . . ." FDIC v. Dion Holdings, LLC, 2012 WL 6212655, at *4 (W.D.N.C. Dec.13, 2012).

Here, the Note provides that the lender may "collect amounts due under this Note" including "reasonable attorney's fees and costs." (Doc. 1-1, p. 4). It does not specify an amount of fees to be awarded; as such, Plaintiff is entitled to recover attorneys' fees in an amount equal to 15% of the outstanding balance of the Note. See (Doc. No. 1-1). Notice was provided to Defaulting Defendants pursuant to § 6-21.2, and Defendants did not respond or pay the outstanding balance within five (5) days of receiving such notice.[1] (Doc. No. 15-1, p. 3). Accordingly, the Court awards

---
[1] Notably, Plaintiff gave Defendants ten (10) days to pay the balance of the note instead of the statutorily mandated five. (Doc. No. 15-1, p. 3).

4

$227,052.43 in attorneys' fees to Plaintiff, an amount which equal 15% of the outstanding $1,513,682.99 balance on the Note.

**IV.  CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (Doc. No. 15) is GRANTED. Judgment is awarded to Plaintiff against Defaulting Defendants, in the sum of $1,591,012.53, plus interest at the rate of $294.33 per day from and after October 11, 2019 until the date of entry of judgment and thereafter at the legal rate until paid in full, plus $227,052.43 in reasonable attorneys' fees. The Court hereby enters judgment in Plaintiff's favor in the amount of $1,932,559.33.

IT IS SO ORDERED.

Signed: November 3, 2020

Frank D. Whitney
United States District Judge